UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEILYNN FRADIEU | * | CIVIL ACTION NO. |
|     Plaintiff | * | |
| | * | JUDGE |
| VERSUS | * | |
| | * | |
| ALLIED TRUST INSURANCE | * | MAGISTRATE |
| COMPANY | * | |
|     Defendant | * | SECTION |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    The Honorable Judges and The Honorable Clerk of this Court
          United States District Court
          Western District of Louisiana

NOW INTO COURT, through undersigned counsel, comes Allied Trust Insurance Company (hereinafter referred to as "Allied"), sought to be made defendant in this matter, who, on reserving all rights and defenses including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the United States District Court for the Western District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

This action arises out of an insurance claim for which plaintiff, Keilynn Fradieu, a person of full age of majority and a resident of Calcasieu Parish Louisiana, has claimed that Allied has unreasonably refused to pay benefits to its insured and unreasonably delayed payment of such claims and seeks payments under the policy and under Louisiana statutory law for increased costs

1

of construction, lost past and future income, lost business opportunity, lost business goodwill, penalties up to two times the actual damages, costs, attorney fees, additional living expenses, loss of enjoyment of the subject property, damages, mental anguish, attorney fees.

2.

Plaintiff is the owner of property located at 904 Taylor Street, Sulphur, Louisiana 70663. Allied contends that it has paid all amounts due for which satisfactory proof of loss has been provided.

3.

Plaintiff instituted this proceeding on or about November 30, 2021 in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, entitled "*Keilynn Fradieu versus Allied Trust Insurance Company*" Case No. 2021-4998, Division "E". A copy of the pleadings from the 14th Judicial District Court for the Parish of Calcasieu is attached hereto as Exhibit "A".

4.

As alleged in the Petition, Allied is a foreign insurance company authorized to do and doing business in the State of Louisiana with its domicile in the State of Texas (Exhibit "B").

5.

Allied was served with the Petition for Damages on January 14, 2022. Therefore, this Notice of Removal is timely as it is filed within thirty (30) days of service of process of the petition on Allied in compliance with 28 U.S.C. § 1446 (b). This Notice of Removal is filed less than one (1) year after commencement of the action in State Court.

6.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as the claims are between citizens of different States and 28 U.S.C. § 1441(a) and (b).  There is complete diversity as to all properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.

Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Louisiana and a substantial part of property that is the subject of the action is situated in this district.  In particular, the property at issue is located in Sulphur, Louisiana.

8.

Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "A" are all pleadings filed in the record of the State Court.

9.

Plaintiff is alleged to be domiciled in the State of Louisiana.  *See* Petition for Damages at paragraph 1.

10.

Allied is a foreign insurer incorporated under the laws of the State of Texas with its domicile in Texas *See* attached Exhibit "B".  28 U.S.C. § 1332 (c)(1).

11.

In accordance with Louisiana law, the Petition for Damages does not specify an amount of damages. Plaintiffs do not allege that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. P. Art. 893A(l).

12.

Allied denies that any amounts are due under the policy, and further denies that it acted in bad faith or in an arbitrary, capricious manner. Nevertheless, the amounts sought by Plaintiff are properly considered for purposes of determining the amount in controversy. *See Daniels v. Metropolitan Prop. & Cas. Ins. Co.,* No. 03-1900, 2003 WL 22038371 (E.D. La. Aug. 15, 2003).

13.

The United States Fifth Circuit has found that penalties, statutory damages and punitive damages are to be included in ascertaining the amount in controversy. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3rd 1250 (5th Cir. 1998). Relying on this precedent, Louisiana District Courts have included penalties sought under both La. R.S. 22:1892 and La. R.S. 22:1973 to ascertain the amount in controversy. *See also Pardue v. River Thames Ins. Co.,* 651 F.Supp 143, 144 (M.D. La. 1986) (penalties for arbitrary and capricious non-payment of insurance claims included when calculating jurisdictional amount in controversy).

14.

Considering the various damages sought in this matter for this property loss as well as the amounts sought through claims of unreasonable claims practices, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs.

15.

For the reasons stated above, ALLIED desires and is entitled to have this cause removed from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to be in the United States District Court, for the Western District of Louisiana, the district where the suit is pending.

16.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

17.

Promptly upon serving this Notice of Removal, written notice thereof is being given to the adverse parties as required by law.  *See* Notice of Filing of Notice of Removal attached as Exhibit "C".

19.

ALLIED files this Notice of Removal without waiving any defenses available to it including, but not limited to, defenses available to it under the subject insurance policy and/or Rule 12 of the Federal Rules of Civil Procedure and/or Louisiana Code of Civil Procedure.

20.

ALLIED presents herewith the sum of $400.00 as required by 28 U.S.C. § 1446.

21.

The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Louisiana.

WHEREFORE, defendant Allied Trust Insurance Company hereby files this Notice of Removal and removes this civil action to the United States District Court for the Western District

of Louisiana. Plaintiff is notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

This 8th day of February, 2022.

Respectfully submitted,

/*s/ John C. Henry*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**KEVIN P. RICHE (31939)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**PEYTON L. STEIN (39400)**
**THE MONSON LAW FIRM, LLC**
900 W. Causeway Approach, Suite A
Mandeville, Louisiana 70471
Telephone: (985) 778-0678
Facsimile: (985) 778-0682
JHenry@Monsonfirm.com
*Counsel for Allied Trust Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8th, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to CM/ECF participating parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the non-CM/ECF participating parties.

/s/ John C. Henry